1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **EASTERN DIVISION**

11

12   JAMES B. CULPEPPER,                    )   No. ED CV 09-1909-SJO (PLA)
                                            )
13                    Petitioner,           )
                                            )   **ORDER TO SHOW CAUSE RE: DISMISSAL**
14          v.                              )   **OF SUCCESSIVE PETITION**
                                            )
15   DERRYL G. ADAMS, Warden,               )
                                            )
16                    Respondent.           )
     _____)

17

18          James Culpepper ("petitioner") initiated this action on October 6, 2009, by constructively

19   filing[1] a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  The Petition

20   challenges petitioner's 1999 conviction and sentence in the Riverside County Superior Court in

21   Case No. RIP083429.  (See Petition at 2).  On December 18, 2002, petitioner filed a prior habeas

22   petition in this Court, Case No. ED CV 02-1376-SJO (PLA), in which he also challenged his 1999

23   conviction and sentence in the same Superior Court case that he challenges herein.  The 2002

24

25

26   _____

          [1]    When a prisoner gives prison authorities a habeas petition or other pleading to mail to court,
27   the Court will deem the petition constructively "filed" on the date it was signed.  See Huizar v. Carey,
     273 F.3d 1220, 1223 (9th Cir. 2001) (holding that a prisoner's federal or state habeas petition is
28   deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the court clerk")
     (internal quotations and citation omitted).

1  petition was dismissed on the merits with prejudice pursuant to the Judgment entered on October

2  22, 2003.

3        A federal habeas petition is successive if it raises claims that were or could have been

4  adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

5  Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003).  The Antiterrorism and

6  Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or

7  successive federal habeas petition that was not presented in a prior petition shall be dismissed

8  unless:

9              (A) the applicant shows that the claim relies on a new rule of
               constitutional law, made retroactive to cases on collateral review by
10             the Supreme Court, that was previously unavailable; or

11             (B)(i) the factual predicate for the claim could not have been
               discovered previously through the exercise of due diligence; and
12

13             (ii) the facts underlying the claim, if proven and viewed in light of the
               evidence as a whole, would be sufficient to establish by clear and
14             convincing evidence that, but for constitutional error, no reasonable
               factfinder would have found the applicant guilty of the underlying
15             offense.

16  28 U.S.C. § 2244(b)(2)(A), (B).

17        Furthermore, "[b]efore a second or successive application permitted by this section is filed

18  in the district court, the applicant shall move in the appropriate court of appeals for an order

19  authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

20        In his 2002 federal habeas petition, petitioner claimed that his sentence of 28 years to life

21  violated the Eighth Amendment's ban on cruel and unusual punishment.  (See Report and

22  Recommendation in Case No. ED CV 02-1376-SJO (PLA), entered May 28, 2003, "Report and

23  Recommendation," at 3).  As mentioned above, the action was dismissed on the merits and with

24  prejudice.  (See Report and Recommendation at 1-11; see also Order Adopting Magistrate

25  Judge's Report and Recommendation and Judgment, both entered on October 22, 2003).

26        In the instant Petition, petitioner sets forth new claims -- i.e., the trial court abused its

27  discretion during sentencing, petitioner received ineffective assistance of trial counsel, and the trial

28  court violated petitioner's right to a jury trial in applying his prior convictions during sentencing -- that

were not presented in the earlier federal habeas action.  (See Petition at 5-6, 9-11, 34-37).  Even if the instant claims satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), however (and it does not appear that petitioner has satisfied any of those provisions), petitioner nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A).  There is no indication in the instant Petition, or in the overall record, that petitioner obtained such authorization from the Ninth Circuit.  See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).  As such, the Court is without jurisdiction to entertain the instant Petition under 28 U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, petitioner is ordered to show cause why the Petition should not be dismissed as successive.  Specifically, petitioner must submit to the Court **on or before November 6, 2009**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he filed a motion in the Ninth Circuit for an order authorizing the District Court to consider a successive petition, **and that the Ninth Circuit has issued such an order**.  **Failure to provide the required documentation  by November 6, 2009, will result in the Petition being dismissed without prejudice.**[2] See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).


DATED:   October 16, 2009

_Paul L. Abrams_

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2]    In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.