1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **EASTERN DIVISION**

11

12    JAMES B. CULPEPPER,                 )     No. ED CV 09-1909-SJO (PLA)
                                          )
13                    Petitioner,         )
                                          )
14            v.                          )     **AMENDED ORDER TO SHOW CAUSE RE:**
                                          )     **DISMISSAL OF SUCCESSIVE PETITION**
15    DERRYL G. ADAMS, Warden,            )
                                          )
16                    Respondent.         )
      _____)

17

18         James Culpepper ("petitioner") initiated this action on October 6, 2009, by constructively

19    filing[1] a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  The Petition

20    challenges petitioner's 1999 conviction and sentence in the Riverside County Superior Court in

21    Case No. RIP083429.  (See Petition at 2).  On December 18, 2002, petitioner filed a prior habeas

22    petition in this Court, Case No. ED CV 02-1376-SJO (PLA), in which he also challenged his 1999

23    conviction and sentence in the same Superior Court case that he challenges herein.  The 2002

24

25

26         [1]    When a prisoner gives prison authorities a habeas petition or other pleading to mail to court,
27    the Court will deem the petition constructively "filed" on the date it was signed.  See Huizar v. Carey,
      273 F.3d 1220, 1223 (9th Cir. 2001) (holding that a prisoner's federal or state habeas petition is
28    deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the court clerk")
      (internal quotations and citation omitted).

petition was dismissed on the merits with prejudice pursuant to the Judgment entered on October 22, 2003.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

In his 2002 federal habeas petition, petitioner claimed that his sentence of 28 years to life violated the Eighth Amendment's ban on cruel and unusual punishment.  (See Report and Recommendation in Case No. ED CV 02-1376-SJO (PLA), entered May 28, 2003, "Report and Recommendation," at 3).  As mentioned above, the action was dismissed on the merits and with prejudice.  (See Report and Recommendation at 1-11; see also Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on October 22, 2003).

In the instant Petition, petitioner sets forth new claims -- i.e., the trial court abused its discretion during sentencing, petitioner received ineffective assistance of trial counsel, and the trial court violated petitioner's right to a jury trial in applying his prior convictions during sentencing -- that

1    were not presented in the earlier federal habeas action.  (<u>See</u> Petition at 5-6, 9-11, 34-37).  Even

2    if the instant claims satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), however (and it does not

3    appear that petitioner has satisfied any of those provisions), petitioner nevertheless is required to

4    seek authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. §

5    2244(b)(3)(A).  There is no indication in the instant Petition, or in the overall record, that petitioner

6    obtained such authorization from the Ninth Circuit.  <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 127 S. Ct.

7    793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the

8    Court of Appeals before filing a second habeas petition).  As such, the Court is without jurisdiction

9    to entertain the instant Petition under 28 U.S.C. § 2244(b).  <u>See</u> <u>id.</u>; <u>Cooper</u>, 274 F.3d at 1274

10   ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from

11   the court of appeals, consider a second or successive habeas application.'").

12           Accordingly, petitioner is ordered to show cause why the Petition should not be dismissed

13   as successive.  Specifically, petitioner must submit to the Court **on or before November 16, 2009**,

14   documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he filed a motion in the Ninth

15   Circuit for an order authorizing the District Court to consider a successive petition, **and that the**

16   **Ninth Circuit has issued such an order**.  **Failure to provide the required documentation by**

17   **November 16, 2009, will result in the Petition being dismissed without prejudice.**[2]  <u>See</u>

18   <u>Reyes v. Vaughn</u>, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition

19   without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

20

21   DATED:   October 27, 2009

                                          _____
22                                                        PAUL L. ABRAMS
                                                 UNITED STATES MAGISTRATE JUDGE
23   _____

24           [2]    In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is advised
     that if he wishes to make a successive habeas application, he must file a "Motion for Order
25   Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. §
     2244(b)(3)(A)" directly with the Ninth Circuit.  Until the Ninth Circuit issues such an order, any
26   direct or implied request for a second or successive petition for writ of habeas corpus is barred by
     § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from
27   the Ninth Circuit to file the petition.

28